IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EULANDO D. COLLIER #00133112, | ) ) ) |
| Plaintiff, | ) No. 3:21-cv-00220 ) |
| v. | ) JUDGE RICHARDSON ) MAGISTRATE JUDGE NEWBERN |
| f/n/u EDGEL, *et al.*, | ) ) |
| Defendants. | |

**MEMORANDUM OPINION**

Eulando D. Collier, an inmate of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Lieutenant f/n/u Edgel and Rutherford County. (Doc. No. 1). Plaintiff sues Lieutenant Edgel in his individual and official capacities. (*Id.* at 2).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I. PLRA SCREENING STANDARD**

Under the screening requirements of the PLRA, the Court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court also must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a pro se plaintiff's factual allegations as

1

true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

## II. SECTION 1983 STANDARD

The federal civil rights statute known as Section 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983 To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. ALLEGED FACTS

The complaint alleges that, on November 30, 2020, while an inmate of the Rutherford County Adult Detention Center, inmates in unit 3B experienced a "shake down." (Doc. No. 1 at 5). Plaintiff was searched and placed in the "O.D.R." (*Id.*) When Lieutenant Edgel asked Plaintiff "about the situation in the P.O.D.," Plaintiff asked if he could have an extra blanket because he was cold. (*Id.*) According to the complaint, Lieutenant Edgel told Plaintiff to stop by one of his offices "and tell them you black and you're cold" and they will give you a blanket. (*Id.*) Lieutenant Edgel allegedly further stated that he had been in the military and Black people were given blankets in the military when they were cold. (*Id.*) The complaint alleges that some inmates thought the Lieutenant's comments were funny and others, including Plaintiff, were angered by them.

The complaint states that, due to "the climate of systematic racism" at the Rutherford County Adult Detention Center and the (alleged) violations of the Plaintiff's civil rights as

2

described in the complaint, Plaintiff seeks $1,000,000 from Lieutenant Edgel and $1,500,000 from Rutherford County. (*Id*. at 6).

## IV. ANALYSIS

Plaintiff alleges two claims against two Defendants. First, Plaintiff alleges that both Defendants violated his Fourteenth Amendment right to be free from discrimination, in violation of 42 U.S.C. § 1983. (Doc. No. 1 at 5).

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause is "in essence 'a direction that all persons similarly situated should be treated alike.'" *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015) (quoting *City of Cleburne v. Cleburne Living Ctr*., 473 U.S. 432, 439 (1985)). Thus, the threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cty. Bd. of Educ*., 470 F.3d 250, 260 (6th Cir. 2006). A plaintiff must allege that the government treated them disparately as compared to "similarly situated persons." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011); *see also Tree of Life Christian Schs. v. City of Upper Arlington*, 905 F.3d 357, 368 (6th Cir. 2018) (explaining that an "equal protection" plaintiff must be similarly situated to his comparators "in all relevant respects"). "[T]o establish an equal protection violation, a plaintiff must establish more than differential treatment alone—a discriminatory intent or purpose is required." *Maye v. Klee*, 915 F.3d 1076, 1085 (6th Cir. 2019) (citing *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp*., 429 U.S. 252, 264-65 (1977)); *Pleasant-Bey v. Tennessee*, No. 3:19-cv-00486, 2020 WL 707584, at *9 (M.D. Tenn. Feb. 12, 2020). Thus, Plaintiff adequately states an equal protection claim if he alleges "that (1) he was treated disparately from similarly situated prisoners, and (2) the disparate treatment is

the result of intentional and purposeful discrimination." *Davis v. Heyns*, No. 17-1268, 2017 WL 8231366, at *4 (6th Cir. Oct. 16, 2017) (quoting *Robinson*, 615 F. App'x at 314-15).

Here, liberally construing the allegations of the complaint, Plaintiff contends that he was treated differently than other inmates because of his race. However, he provides no information about any comparators. He only that alleges Lieutenant Edgel stated that Plaintiff would be provided an extra blanket because he is Black. Plaintiff has not pled any specific factual allegations supporting a plausible inference of discrimination. He sets forth no specific assertions as to how he was treated differently than other non-Black inmates who wanted an extra blanket, and mentions no specific policy that is not applied equally to Black inmates regarding extra blankets—or anything else, for that matter. For example, Plaintiff does not allege that favoritism was shown to non-Black inmates in disciplinary matters or housing preferences. Thus, while Plaintiff claims that is a member of a constitutionally protected class and that there is "systematic racism" at the Rutherford County Adult Detention Center, he has not alleged that Defendants "intentionally discriminated against him because of his membership in that protected class." *McGaughy v. Johnson*, 63 F. App'x 177, 178 (6th Cir. 2003) (citing *Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000). "It is incumbent upon a prisoner asserting an equal protection claim of racial discrimination to prove the existence of some purposeful discrimination against him based upon his race." *McClesky v. Kemp*, 481 U.S. 279, 292 (1987). Consequently, the Court finds that the complaint fails to state a colorable equal protection claim under the Fourteenth Amendment against any Defendant.

Next, the complaint alleges that both Defendants violated Plaintiff's Eighth Amendment right to be free cruel and unusual punishment in violation of 42 U.S.C. § 1983. (Doc. No. 1 at 5).

The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). That is because "[t]he Eighth Amendment to the United States Constitution imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be 'barbarous,' nor may it contravene society's 'evolving standards of decency.'" *McKissic v Barr*, No. 1:20-cv-526, 2020 WL 3496432, at *3 (W.D. Mich. June 29, 2020) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981)); *see also Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984). Under the Eighth Amendment, prison officials cannot engage in conduct that causes the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

To prevail on an Eighth Amendment claim, a prisoner must show that he or she faced a sufficiently serious risk to health or safety and that the defendant official acted with "'deliberate indifference' to [the prisoner's] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834 (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Deliberate indifference requires the inmate to "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837). The official must have a subjective "state of mind more blameworthy than negligence," akin to criminal recklessness. *Farmer*, 511 U.S. at 835, 839-40.

Here, the complaint alleges that Lieutenant Edgel stated that Plaintiff would be provided an extra blanket only because he is Black. Assuming for purposes of this screening that Lieutenant Edgel made such a statement, it would have been uncalled for and unprofessional. However, the complaint does not allege that Lieutenant Edgel used a racial epithet or slur. And even if he had, "[a]lthough today's society deems such treatment and language reprehensible and very unprofessional, under our current law, this isolated incident of use of a racial epithet and accompanying antics are not constitutional violations." *Harlan v. Holland*, No. 1:13-CV-263, 2013 WL 6668734, at *4 (E.D. Tenn. Dec. 18, 2013) (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir.1986) (name calling without "any appreciable injury" did not violate inmate's constitutional rights)). To the extent Lieutenant Edgel's statement could be construed as harassment and/or intimidation, neither alone give rise to a constitutional violation cognizable under Section 1983. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir.), *cert. denied*, 543 U.S. 837, 125 S. Ct. 157, 160 L.Ed.2d 59 (2004); *see Ivey*, 832 F.2d 950, 954-55 (allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment, and thus do not rise to a constitutional violation). Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Ivey*, 832 F.2d. at 954-55. Plaintiff's claims against Lieutenant Edgel in his individual capacity therefore will be dismissed.

Next, the complaint also names Lieutenant Edgel as a Defendant in his official capacity. When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Lieutenant Edgel is an employee of Rutherford County, Tennessee, which Plaintiff also names as a Defendant to this action. A claim of

6

Case 3:21-cv-00220 Document 6 Filed 04/21/21 Page 6 of 8 PageID #: 41

governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by the county or its agent. *Monell Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). For Rutherford County to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir.2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)); *Regets v. City of Plymouth*, 568 F. App'x 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Rutherford County under Section 1983. While Plaintiff makes the sweeping statement that there is "systematic racism" at the Rutherford County Adult Detention Center, the complaint does not identify or describe any of Rutherford County's policies, procedures, practices, or customs relating to the incident at issue. The complaint comes up short because it does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights, and the complaint does not identify any other previous instances of similar violations that would have put Rutherford County on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*,

7

No. 3:10-cv-0589, 2010 WL 3619790, at *2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Rutherford County. Plaintiff's claims Rutherford County and Lieutenant Edgel in his official capacity therefore must be dismissed.

## V. CONCLUSION

Having conducted the review required by the PLRA, the Court determines that the complaint fails to state Eighth or Fourteenth Amendment claims upon which relief can be granted under Section 1983 against any Defendant. Therefore, this action will be dismissed.

An appropriate Order will be entered.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE